IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY TYRONE HOLMES, #217 564,)
                                     )
            Petitioner,              )
                                     )
      v.                             ) CIVIL ACTION NO.: 1:11-CV-687-TMH
                                     )                [WO]
LEON FORNISS, WARDEN *et al.*,       )
                                     )
            Respondents.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Larry Holmes on August 24, 2011.  In this petition, Petitioner challenges the convictions, pursuant to his plea of guilty,  for first degree sodomy and first degree sexual abuse entered against him by the Circuit Court for Houston County, Alabama, on June 4, 2001. The trial court sentenced Petitioner as a habitual offender to a twenty-five year sentence on the sodomy conviction and a fifteen year sentence on the sexual abuse conviction.  The sentences were ordered to run concurrently. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions in a memorandum opinion filed January 25, 2002 and issued a  certificate of judgment on March 26, 2002.  By operation of law, Petitioner's convictions became final on April 9, 2002.  (*Doc. No. 11, Exhs. A, B.*)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Petitioner's convictions became final in 2002 – **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed Rule 32 petitions with the trial court in March 2006 and September 2010.  They argue, however, that these petitions did not toll the one-year period of limitation because they were filed after expiration of the limitation period and were, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 12*.)  The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*)  Petitioner filed no response.  Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the one-year period of limitations.

---

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

## II.  DISCUSSION

*A.  The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. §

3

2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Petitioner was convicted of first degree sodomy and first degree sexual abuse by the Circuit Court for Houston County, Alabama, on June 4, 2001. He filed a direct appeal.  The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on January  25, 2002  and issued a certificate of judgment on March 26, 2002. (*Doc. No. 11, Exhs. A, B.*) Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 2001 convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment. [2]  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's convictions became final on April 9, 2002 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date and ran uninterrupted until the limitation period expired on April

---

[2]Respondents' contention that Petitioner's convictions became final on March 26, 2002 upon issuance of the Alabama Court of Criminal Appeals' certificate of judgment fails to take into account the fourteen days within which Petitioner could have filed a petition for writ of certiorari. (*See Doc. No. 11 at pg. 7*.)  Upon expiration of the fourteen days within which Petitioner could have filed a petition for writ of certiorari after the appellate court's issuance of a certificate of judgment, his convictions became final.

9, 2003.

    *i.  Statutory Tolling*

    28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Petitioner filed  Rule 32 petitions in March 2006 and September 2010, neither petition was  pending during the running of the limitation period as they were filed after expiration of this time period.  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that the state post-conviction petitions filed by Petitioner in March 2006 and September 2010 had no affect on the running of the limitation period applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.

    *ii.  Equitable Tolling*

    The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida,* 560 U.S. ___,___,130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of*

*Corrections*, 297 F.3d 1278, 1286 (11ᵗʰ Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11ᵗʰ Cir. 2001).

In his petition, Petitioner explains that his habeas application should not be barred by the one-year limitation period found in § 2244(d) because his mental competence claim asserts a violation of his "substancial [sic] constitutional right to due process" which "challenges the jurisdiction of the trial court." (*Doc. No. 1 at pg. 13*.) Whether or not Petitioner has  asserted a valid challenge to the state court's jurisdiction, neither the limitations statute nor federal case law carves out an exception for alleged jurisdictional issues arising under state law. *See Johnson v. Jones,* 2006 WL 2092601, *2 (M.D. Ala. 2006). Additionally, mental impairment is not *per se* a reason to toll the statute of limitations. *See Hunter v. Ferrell*, 587 F.3d 1304, 1309–10 (11ᵗʰ Cir. 2009). Rather, the alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition. *Id.; see also Lawrence v. Florida,* 421 F.3d 1222, 1226–27 (11ᵗʰ Cir. 2005). That is, Petitioner must demonstrate a causal connection between his delay in filing his federal habeas petition and his intellectual shortcoming and/or disability. *Hunter, supra; Lawrence, supra*.

Here, the record contains no evidence of Petitioner's alleged mental incompetence.[3]

---

[3]Petitioner challenged the result of his competency hearing on appeal of his convictions. In his September 2010 Rule 32 proceeding he alleged that the trial court was without jurisdiction to enter judgment against him because he was legally incompetent at the time he entered his plea. The Alabama Court of

The record further reflects that since the conclusion of Petitioner's direct appeal proceedings he has filed two post-conviction petitions in state court and ultimately filed the instant application for federal habeas relief.  He has failed to demonstrate a causal connection between any alleged incompetency and the untimely filing of his federal petition. Therefore, he is not entitled to equitable tolling due to  alleged mental incompetency.  *See Lawrence,* 421 F.3d at 1226–27 (petitioner's claim that he had suffered from mental impairments his

---

Criminal Appeals found no merit to either claim. (*Doc. No. 11, Exhs. A, H.*)  In its opinion affirming Petitioner's convictions on appeal, the appellate court noted:

> [Petitioner] does not allege in his brief on appeal any basis for finding that
> he was not competent to enter his guilty plea.  [Petitioner] takes issue with
> the quality of the competency hearing because the trial judge based his decision
> on the mental health evaluation performed at Taylor Hardin, which the trial judge
> had read prior to, and referenced during the trial.  The trial judge pointed out
> that [Petitioner] had admitted to the mental health examiner that he lied about
> having hallucinations because "his aunt told him to say that he was seeing things
> and hearing voices so it would help his case and [the court would] think [he was] crazy."

(*Doc. No. 11, Exh. A at pgs. 2-3.*)

On appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals addressed Petitioner's mental competency to stand trial claim and determined it to be without merit. The appellate court, noting that the judge who presided over Petitioner's guilty plea proceedings also ruled on his Rule 32 petition at issue, found:

> "[O]n October 20, 2000, the circuit court ordered an outpatient evaluation
> of [Petitioner's] competency to stand trial and a determination as to his
> mental state at the time of the offense.  Following the mental examination,
> the circuit court committed [Petitioner] to the Department of Mental Health
> at Taylor Hardin until such time as he was competent to stand trial.  Approximately
> four months later, the circuit court conducted a   competency hearing after which
> it determined that [Petitioner] was competent to stand trial and competent at the time
> of the offense.

(*Doc. No. 11, Exh. H at pgs. 2-3.*)

entire life, without more, is insufficient to justify equitable tolling).

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were available to Petitioner at the time of his convictions and sentence. Further, the claims presented in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record tending to show that Petitioner' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Additionally, Petitioner has not demonstrated any causal connection between his alleged mental impairment and his delay in filing the instant habeas application. Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Petitioner is not entitled to equitable tolling of the limitation period. *See Sandvik*, 177 F.3d at 1271.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that  the petition for habeas corpus relief filed by Larry Holmes be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that  on or before **June 11, 2013** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of May, 2013.

10

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE